Judgment reversed. Grounds stated in journal entry.
It is ordered and adjudged by this court, that the judgment of the said circuit court be and the same hereby is reversed for error in affirming the judgment of the court of common pleas. And this court proceeding to render, the judgment which the circuit court should have rendered, finds that said court of common pleas erred in the following portion of the charee to the jury commencing on page 107 of the printed record and continued oh page 108, to-wit: “T have said to this jury several times that this company was bound to afford Mr. Guthrie *495 and his employees with a safe' place in which to perform this work; this instruction goes to the jury with this limitation — that what would be a safe place to work depends upon the nature of the work to be done and the conditions which the decedent could have anticipated as the jury might see from this testimony would exist at the place at the time when the work was to be performed. If the work necessary under all circumstances would be attended with danger, the obligation' of the company to afford a safe place to work does not go to the extent of insuring Mr. Durst absolutely from injury, but only goes to the extent of saying to him that the place in which he was to work would be kept as safe as it were possible to keep such a place, considering all the circumstances attendant at that time and place, but the company sending any person there or inviting any person by a contract to work at this place, was bound to see that all the precautions possible not inconsistent with the proper conduct of its. business should be taken by it to render this place as safe as such a place might be made.” The deceased was not an employe of the railway company but an employe of an independent contractor when injured, and the standard laid down by the charge by which to measure the duty of the railway company is too high under the facts disclosed in the record.
Summers, Spear, Davis, Shauc.k and Price, JJ., concur.